SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

MICHAEL S. BLUME
Director, Consumer Protection Branch
United States Department of Justice
JOHN W. BURKE
Trial Attorney, Consumer Protection Branch
United States Department of Justice

    United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    E-mail:    joseph.mcnally@usdoj.gov
                josh.burke@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CHARLES WAYNE FARRIS,<br><br>      Defendant. | No. SA CR 13-208-DOC<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT CHARLES WAYNE FARRIS<br><br><br>Sentencing Date: May 1, 2017<br>Time: 1:30 p.m. |

Plaintiff, by and through its attorney of record, the United States Attorney for the Central District of California, hereby files its position regarding the Presentence Report ("PSR") submitted by the United States Probation Office for defendant CHARLES WAYNE FARRIS.

The government's sentencing position is based on the attached memorandum of points and authorities, the PSR, the records and files of this case, and any argument that the Court may request at the sentencing hearing. The government respectfully requests the opportunity to supplement its position as may become necessary.

Dated: April 24, 2017      Respectfully Submitted,


               _____/s/_____
               JOSEPH MCNALLY
               Assistant United States Attorney
               United States Attorney's Office


               _____/s/_____
               JOHN W. BURKE
               Trial Attorney
               Consumer Protection Branch
               United States Department of Justice

               Attorneys for Plaintiff
               UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION AND FACTUAL BACKGROUND

Defendant Charles Wayne Farris ("Farris") is before the Court for sentencing having pleaded guilty to conspiracy to commit wire fraud.  The government has no objection to the pre-sentence report and recommends the Court sentence defendant Farris to 57 months' imprisonment, three-years, supervised release, and restitution of $3,826,947.95.[1]

From October 2008 through June 2009, at the height of the housing crisis, defendant Farris joined a conspiracy to take upfront fees from over 1,500 victims for loan modification and foreclosure rescue services.  In order to induce struggling homeowners to sign up for their purported foreclosure rescue services, Rodis Law Group ran ads throughout the United States that featured lawyer Ron Rodis where they falsely told homeowners that they were a law firm with a proven track-record:

> Hi, I'm Ron Rodis with the Rodis Law Group.
> Don't let foreclosure push you out of your home.
> My staff of real estate attorneys will fight for you.  I have been protecting homeowners like you since 1996, and my team of experienced attorneys are highly skilled in negotiating lower interest rates and even lowering your principal balance.
> Yes, I said even lowering the principal balance.

The perception created by the radio ads – which were broadcast nationwide from the very beginning of the scheme – was in stark

---

[1] The parties are, for the most part, in agreement on the Guidelines range.  The government and probation office both believe that a leadership role is also applicable here and defendant Farris has not included the enhancement in his calculation.

1

contrast to the reality of Rodis Law Group.  In reality, Rodis Law Group was a telemarketing boiler room, in which telemarketers vastly outnumbered employees in the back room working on files.

Defendant Farris was deeply involved in the fraud.  He was responsible for supervising and directing more than 100 "intake officers" who answered telephone calls generated from the radio ads.  Defendant Farris, along with Bryan D'Antonio, directed the telemarketers to make false statements in order to induce the struggling homeowners to sign up for Rodis Law Group's purported services.  At defendant Farris's direction, the "intake officers" falsely claimed to struggling homeowners that they were contacting a successful, established law firm comprised of a team of attorneys that would save the victims' homes from foreclosure in exchange for a fee ranging from $3,500 to $5,500.

Defendant Farris directed the "intake officers" to say almost anything to obtain the victims' money.  For example, in November 2008, victim M.P. called Rodis Law Group.  Using a script prepared by defendant Farris, an "intake officer" told M.P. that she could skip her mortgage payment to pay Rodis Law Group's retainer fee: "If you don't want to make your payment, that is fine, I can protect you through the negotiations."  In another call in December 2008, using a script prepared by defendant Farris, an "intake officer" boasted to a caller that if the caller hired Rodis Law Group they would rewrite the mortgage and if the lender did not cooperate, they would haul them into court: "If the bank we are negotiating against doesn't want to do what we want to do for our client, we always

offer to haul them into court and in front of a judge; do a forensic analysis of the loan documents, review the documents for RESPA violations, TILA violations, GFE violations, and Predatory Lending Violations." Of course, Rodis Law Group was little more than a boiler room and did not engage in any litigation with lenders.

The egregious false statements induced more than 1,500 homeowners to pay more than $9,000,000 dollars for Rodis Law Group's purported services. As detailed in the attached letters, attached as Exhibit A, the fraud caused substantial harm to the victims including the loss of their homes.

II. THE GOVERNMENT HAS NO OBJECTIONS TO THE PRE-SENTENCE REPORT

On March 14, 2017, the United States Probation Office ("USPO") disclosed to the parties its Presentence Report ("PSR") in this matter. The USPO found that defendant Farris was subject to the following Sentencing Guidelines calculations:

```
Base offense level:      7 (U.S.S.G. § 2B1.1(b)(1))
Loss Amount:            18 (U.S.S.G. § 2B1.1(b)(1)(J))
Victims:                 2 (U.S.S.G. § 2B1.1(b)(2)(A))
Leadership:              3 (U.S.S.G. § 3B1.3)
Acceptance:             -3 (U.S.S.G. § 3E1.1(a))
Total Offense Level:    27
```

PSR ¶¶ 28-39.

Based on an offense level of 27, the USPO found that defendant Farris's sentencing range on count one is 70-87 months' imprisonment. See PSR ¶ 98. The government agrees with the USPO's calculations. The government concurs that the individuals listed in

3

the PSR are entitled to listed restitution. Additionally, the government received restitution claims from additional victims and requests the Court order restitution to the individuals set forth in Exhibit B. With the additional victims, the restitution order is $3,826,947.95.

The sole Guidelines issue in dispute is the application of a three-level role enhancement. The Court should follow the USPO's recommendation and apply the enhancement. A three-level enhancement is applicable pursuant to USSG § 3B1.1(b), if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. As defendant Farris admitted at his change of plea hearing and in his plea agreement, defendant Farris "supervised and directed the 'intake officers' homeowners on RLG's and ALG's purported services. Defendant directed the 'Intake Officers' to make false statements to homeowners in order to induce them to sign up for RLG's and ALG's services." (Plea Agreement at 10.) On these facts, the enhancement applies.

As discussed in the United States' supplemental sentencing position filed under seal today, the government is seeking an additional departure from the sentencing range calculated in the PSR. If the Court grants the government, the revised range is 57-71 months' imprisonment.

4

III. <u>THE COURT SHOULD SENTENCE DEFENDANT TO 57 MONTHS' IMPRISONMENT</u>[2]

In addition to considering the Sentencing Guidelines range, the Court must consider the section 3553(a) factors including defendant's history; the nature and seriousness of the offense; the need to deter defendant and others; and the need to protect the public. These factors support the recommended sentence. Although defendant D'Antonio was the mastermind of the scheme, defendant Farris occupied a managerial role and was responsible for supervising more than 100 "intake officers" that were critical to the execution of the fraud. Defendant Farris created the fraudulent scripts used by the "intake officers" who ultimately caused the victims to sign up for the scheme. The harm caused by defendant Farris's conduct was substantial. Individuals lost their homes including some who had equity in their homes. The recommended sentence is necessary and sufficient to deter defendant Farris and others from engaging in this type of criminal conduct.

---

[2] The government recommended 46 months' for co-defendant Ron Rodis. The difference in sentencing recommendation results from: (1) the government's recommended that Rodis receive a three-level reduction in its supplemental filing and has recommended two-levels for Farris and (2) Farris received a three-level leadership role enhancement and Rodis received a two-level enhancement for abuse of position of trust. The sentencing disparity is not unwarranted here.

5